[Cite as *State v. Stack*, 2015-Ohio-5521.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-L-122** |
| ROBERT A. STACK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 13 CR 968.

Judgment: Affirmed in part, reversed in part and remanded.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Russell S. Bensing,* 600 IMG Building, 1360 East Ninth, Cleveland, OH 44114 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Robert Stack appeals from the judgment of the Lake County Court of Common Pleas, entered on a jury verdict, finding him guilty of felonious assault and perjury. Mr. Stack contends his convictions are supported by insufficient evidence, and are against the manifest weight of the evidence. We affirm in part, reverse in part and remand.

{¶2} July 21, 2013, Russell Stephens returned home after completing a delivery of cars to Texas. Arriving at the location where he parked his truck trailer, he found a trailer belonging to his friend, Robert Campbell, parked in his spot. While moving Mr. Campbell's trailer, he evidently damaged the plug near the hitch.

{¶3} Mr. Stephens went to a bar, where he was joined by Mr. Campbell. Mr. Stephens told Mr. Campbell he had moved the trailer. After a few drinks, Mr. Stephens went home, and was in bed by approximately 7:30 p.m. Shortly thereafter, Mr. Campbell discovered the damage to his trailer. He called his friend, Mr. Stack, to accompany him to Mr. Stephen's residence. Mr. Stack testified he went with Mr. Campbell because he wished to arrange the repairs with Mr. Stephens for the next day. Apparently Mr. Stack's truck could not be used to make the repair, so he needed to borrow Mr. Stephen's truck because his trailer hitch/hook-up was compatible with Mr. Campbell's trailer.

{¶4} Mr. Campbell and Mr. Stack drove separately to Mr. Stephens' home, a trailer. Arriving, they banged on the side to rouse Mr. Stephens, though Mr. Stack later denied this, despite testifying at a preliminary hearing that, "We knocked on the side of the trailer." Eventually, Mr. Stephens emerged, to be confronted by a bellicose Mr. Campbell. A fight ensued between Mr. Stephens and Mr. Campbell, starting on the deck near the front door, going through the wood lattice around the deck and into Mr. Stephen' truck bed, and ending up on the ground between Mr. Stephens' truck and Mr. Stack's truck. Mr. Stephens testified that Mr. Stack was close behind him during the fight, "corralling" him so he could not get away. He testified at one point Mr. Stack lunged at him, and Mr. Campbell hit him (Stephens) in the head with a breaker bar, an

18-inch, five pound steel bar. At Mr. Campbell's preliminary hearing, Mr. Stack denied seeing the breaker bar, claiming Mr. Campbell used a broom handle or tiki torch in the assault (neither item was found at Mr. Stephens' home). Before the fight broke up, Mr. Stephens testified Mr. Stack hit him in the ribs and back.

{¶5} Mr. Stack and Mr. Campbell eventually drove back separately to Mr. Stack's home, where Mr. Campbell changed his shirt. When police arrived, Mr. Campbell was pretending to be asleep in Mr. Stack's bed. A breaker bar with Mr. Stephen's DNA on one end was found in the bed of Mr. Stack's truck. A mixture of DNA was found on the other end of the bar. Analysis of this DNA could not exclude Mr. Campbell from a list of possible sources.

{¶6} Mr. Campbell was charged with felonious assault. As noted above, Mr. Stack testified at his preliminary hearing on August 26, 2013. December 27, 2013, the Lake County Grand Jury returned a secret indictment in four counts against Mr. Stack, including two for felonious assault, one for possessing criminal tools, and one for perjury. Mr. Stack was arrested January 14, 2014, and arraigned two days later, pleading not guilty. Jury trial commenced August 18, 2014. At the close of the state's case, Mr. Stack moved for acquittal pursuant to Crim.R. 29(A), which the trial court denied. After Mr. Stack presented his case, he renewed his Crim.R. 29(A) motion, which the trial court again denied. August 21, 2014, the jury returned its verdict, finding Mr. Stack guilty of one count of felonious assault, pursuant to R.C. 2903.11(A)(1), and perjury, pursuant to R.C. 2921.11.

{¶7} Mr. Stack moved for acquittal pursuant to Crim.R. 29(C), which motion was denied. Sentencing hearing was held November 14, 2014. By a judgment entry

3

filed November 19, 2014, the trial court sentenced Mr. Stack to serve 60 days in jail, and two years of community control. He was further ordered to pay restitution to Mr. Stephens in the amount of $5,500, and court costs.

{¶8} Mr. Stack timely noticed this appeal, assigning three errors. We deal with them out of sequence.

{¶9} His second assignment of error reads:

{¶10} "The trial court erred by failing to grant a judgment of acquittal, pursuant to Crim.R. 29(A), on the charge of perjury, and thereafter entering a judgment of conviction of that offense which was not supported by sufficient evidence, in derogation of Defendant's right to due process of law, as protected by the Fourteenth Amendment to the United States Constitution."

{¶11} A Crim.R. 29(A) motion tests the sufficiency of the evidence. *State v. Campbell*, 11th Dist. Ashtabula No. 2013-A-0047, 2014-Ohio-972, ¶22.

{¶12} "'"(S)ufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury,' i.e., '(w)hether the evidence is legally sufficient to support the jury verdict as a matter of law.' *State v. Thompkins*, 78 Ohio St.3d 380, 386, * * * (1997*)*, quoting Black's Law Dictionary (6 Ed.1990) 1433. In reviewing the sufficiency of the evidence to support a criminal conviction, '(t)he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' *State v. Jenks*, 61 Ohio St.3d 259, * * * (1991), paragraph two of the syllabus." (Parallel citations omitted.) *State v. Arcaro*, 11th Dist. Ashtabula No. 2012-A-0028, 2013-Ohio-1842, ¶30.

4

{¶13} R.C. 2921.11 states, in pertinent part: "(A) No person, in any official proceeding, shall knowingly make a false statement under oath or affirmation, or knowingly swear or affirm the truth of a false statement previously made, when either statement is material."

{¶14} Mr. Stack was accused of perjury for testifying under oath at Mr. Campbell's preliminary hearing that he did not see Mr. Campbell with a breaker bar. The relevant testimony is as follows:

{¶15} Q. "Did you at any time see Mr. Campbell with a breaker bar in his hand?

{¶16} A. "No.

{¶17} Q. "Did you at any time see Mr. Campbell pull a breaker bar from behind his back?

{¶18} A. "No.

{¶19} Q. "Did you see Mr. Campbell strike [Mr. Stephens] with anything other than his fists or parts of his body?

{¶20} A. "No, I didn't.

{¶21} Q. "Did you ever see Mr. [Campbell] with anything in his hand after they were no longer on the deck?

{¶22} A. "No.

{¶23} Q. "Did at any time… did you see Mr. Campbell strike Mr. Stephens in the head with a breaker bar?

{¶24} A. "No.

{¶25} Q. "Did you observe Mr. Campbell with a breaker bar at that time [after they got out of the vehicles]?

{¶26} A. "No."

{¶27} Mr. Stack never stated that Mr. Campbell did not strike Mr. Stephens with a breaker bar; he simply stated that he did not *see* this occur. The state contends that Mr. Stack perjured himself because a jury could reasonably infer from the circumstances surrounding the altercation that he *must* have seen Mr. Campbell using the breaker bar against Mr. Stephens. However, the state's evidence – that Mr. Stack was only a few feet away from the fighting men, that there was a porch light on, and that the breaker bar was later found in the back of his truck – establishes nothing more than the proposition that he *could* have seen Mr. Campbell strike Mr. Stephens with the breaker bar.

{¶28} R.C. 2921.11(E) states: "No person shall be convicted of a violation of this section where proof of falsity rests solely upon contradiction by testimony of one person other than the defendant." Mr. Stack contends the only evidence that he committed perjury is the testimony of Mr. Stephens.

{¶29} The state contends that the perjury charge is supported by circumstantial evidence, such as the fact the pipe was found in the back of appellant's truck, in addition to Mr. Stephens' testimony. The only evidence that could possibly be viewed as establishing that Mr. Stack did, in fact, "see" what he claims he did not see is the testimony of Mr. Stephens. In point of fact, however, Mr. Stephens did not testify that appellant saw Mr. Campbell use the breaker bar – such testimony would probably have been objectionable under the evidence rules, as Mr. Stephens could not have personal knowledge of appellant's actual perceptions.

{¶30} The testimony elicited from Mr. Stephens merely establishes that the circumstances were such that appellant, who was behind Mr. Stephens at the time, *could* have seen Mr. Campbell strike Mr. Stephens with the breaker bar if he were watching the right place at the right time. Mr. Stephens' testimony does not establish that Mr. Stack did, in fact, see Mr. Campbell with the breaker bar. Even Mr. Stephens' testimony does not contradict Mr. Stack's preliminary hearing testimony that he never *saw* a breaker bar, never *saw* Mr. Campbell with a breaker bar, and never *saw* Mr. Campbell strike Mr. Stephens with a breaker bar.

{¶31} The state presented absolutely no evidence to establish that Mr. Stack's testimony at the preliminary hearing regarding the breaker bar was knowingly false. Again, he never stated that Mr. Campbell did not strike Mr. Stephens with a breaker bar; he simply stated that he did not *see* this occur. For these reasons, his conviction for perjury is based on insufficient evidence and must be reversed.

{¶32} The second assignment of error has merit.

{¶33} The third assignment of error reads: "The trial court erred by entering a judgment of convictions of felonious assault and perjury that was against the manifest weight of the evidence, in derogation of Defendant's right to due process of law, as protected by the Fourteenth Amendment to the United States Constitution."

{¶34} "'[M]anifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.

{¶35} "'In determining whether the verdict was against the manifest weight of the evidence,"(* * *) the court reviewing the entire record, *weighs the evidence* and all

7

reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)'" (Citations omitted.) * * *" (Emphasis sic.) *State v. Schlee*, 11th Dist. Lake No. 93-L-082, 1994 Ohio App. LEXIS 5862, *14-15 (Dec. 23, 1994).

{¶36} A judgment of a trial court should be reversed as being against the manifest weight of the evidence "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶37} With respect to the manifest weight of the evidence, we note that the jury is in the best position to assess the credibility of witnesses. *State v. DeHass*, 10 Ohio St.2d, 230, paragraph one of the syllabus (1967).

{¶38} Mr. Stack was convicted of felonious assault under R.C. 2903.11(A)(1), which provides:

{¶39} "(A) No person shall knowingly do either of the following:

{¶40} "* * *

{¶41} "(1) Cause serious physical harm to another * * * [.]"

{¶42} The conviction was premised on complicity, R.C. 2923.03, which provides, in pertinent part:

{¶43} "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

{¶44} "* * *

{¶45} "(2) Aid or abet another in committing the offense[.]"

8

{¶46} Regarding his felonious assault conviction, Mr. Stack cites to his own testimony that he did not join in the attack on Mr. Stephens, as well as Mr. Stephens' testimony that Mr. Stack made some efforts to stop the fight. Essentially, Mr. Stack argues he was simply a bystander.

{¶47} "For purposes of the R.C. 2923.03 '"aid and abet"' means 'to assist or facilitate the commission of a crime, or to promote its accomplishment.' *State v. Johnson*, 93 Ohio St.3d 240, 243, * * *, citing Black's Law Dictionary (7 Ed.Rev. 1999) 69. This court has stated that mere presence of the accused at the scene of the crime is not enough, 'rather the state must establish that the offender "took some affirmative action to assist, encourage, or participate in the crime by some act, deed, word, or gesture."' *State v. Sims*, 11th Dist. No. 2001-L-081, 2003-Ohio-324, at ¶44 (citations omitted)." (Parallel citations omitted.) *State v. Lane*, 11th Dist. Lake No. 2004-L-211, 2006-Ohio-1269, ¶18.

{¶48} Mr. Stephens testified that Mr. Stack "corralled" him, making it impossible for him to escape from Mr. Campbell. Mr. Stephens testified Mr. Stack punched him. The breaker bar used to strike Mr. Stephens was found in Mr. Stack's truck. A jury could reasonably infer Mr. Stack aided and abetted Mr. Campbell's felonious assault from this evidence. Mr. Stack's conviction for felonious assault is not against the manifest weight of the evidence.

{¶49} Having already found Mr. Stack's conviction for perjury to be based on insufficient evidence it was also against the manifest weight of the evidence.

{¶50} Mr. Stack's first assignment of error reads:

{¶51} "The trial court erred by failing to grant a judgment of acquittal, pursuant to Crim.R. 29(A), on the charge of felonious assault, and thereafter entering a judgment of conviction of that offense which was not supported by sufficient evidence, in derogation of Defendant's right to due process of law, as protected by the Fourteenth Amendment to the United States Constitution."

{¶52} A finding that a conviction is supported by the weight of the evidence necessarily means it is premised on sufficient evidence. *Arcaro*, *supra*, at ¶32. Since we have determined Mr. Stack's conviction for felonious assault is supported by the weight of the evidence, it is premised on sufficient evidence.

{¶53} The first assignment of error lacks merit.

{¶54} The judgment of the Lake County Court of Common Pleas is affirmed in part, and reversed in part, and this matter is remanded for further proceedings consistent with this opinion.


TIMOTHY P. CANNON. P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.